## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS BENSON MOTANYA,

       Petitioner,

       v.

WARDEN J. GREENE,

       Respondent.

CIVIL ACTION NO. 3:25-cv-01786

(SAPORITO, J.)

## ORDER

Thomas Benson Motanya, a prisoner incarcerated at FCI-Allenwood Low, proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). He requests that the Court order the BOP to "evaluate and consider" him for prerelease custody. Because the record shows that he has received the individualized review required by the Second Chance Act, the petition will be dismissed as moot.

### I. BACKGROUND

In August 2024, Motanya received an aggregate sentence of 30 months imprisonment for convictions of aggravated identity theft and conspiracy to commit wire fraud. *See United States v. Motanya*, No. 3:23-CR-00111 (Doc. 56) (E.D. Va., Aug. 5, 2024). As of December 2025, his statutory release date was October 10, 2026. *See* (Doc. 12-3).

On April 30, 2025, Motanya received an "Individualized Needs Plan – Program Review," which included an evaluation of his suitability for placement in a residential reentry center ("RRC") or home confinement. *See* (Doc. 12-9). The review indicated that "Consideration has been given for Five Factor Review (Second Chance Act)," but did not reflect substantive findings as to any of the five enumerated factors. The BOP ultimately found that "[i]n accordance with guidance provided by Correctional Program Branch on February 10, 2025, inmates that are Non-U.S. Citizens with Active Detainers should not be referred for RRC placement." *See* (*id.* at 4).

In his petition, which the Court received on September 24, 2025, Motanya claims he was denied prerelease custody "solely because of . . . IHP[1] status, [public safety factor] management, an immigration detainer and [BOP Program Statement] 7310.04," in violation of the Second Chance Act ("SCA"), 18 U.S.C. § 3621(b). After the petition was filed, the

---

[1] The Institutional Hearing Program ("IHP") is a federal initiative that conducts deportation proceedings against noncitizen inmates who are serving criminal sentences. *See Quaye v. Warden of FCI Allenwood*, No. 1:26-CV-00376, 2026 WL 657880, at *1 n.2 (M.D. Pa. Mar. 9, 2026).

BOP conducted a second Program Review, dated December 1, 2025. This review included findings specific to each of the five factors. *See* (Doc. 12-10) (noting, for example, that Motanya had participated in "average programming" and that the sentencing court had made no recommendations). Like the prior review, the December 1 review concluded that prerelease custody was inappropriate for Motanya because "inmates that are Non-U.S. Citizens with Active Detainers should not be referred for RRC placement." *See* (*id.* at 4).

## II.   DISCUSSION

The parties agree that Motanya has not exhausted administrative remedies. Generally, an inmate seeking habeas relief pursuant to section 2241 must exhaust the BOP's administrative remedy process. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)); 28 C.F.R. §§ 542.10-18. Because the BOP responded to Motanya's initial greivances by stating that Motanya is ineligible for RRC placement due to his IHP status and detainer, *see* (Docs. 1-3, 1-4), the Court finds that exhaustion on that issue would be futile and will not dismiss the petition on that basis. *See Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010)

(exhaustion may be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served"). Instead, the petition will be dismissed as moot, because even assuming the Court had jurisdiction to consider Motanya's petition[2], he has now received all the consideration to which he was entitled under the Second Chance Act.

The decision to transfer an inmate to prerelease custody is left to the discretion of the BOP. *See* 18 U.S.C. § 3624(c)(4). In exercising this discretion, the BOP must "consider" the following factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--

---

[2] Most courts in this district have found that they lack jurisdiction to consider petitions such as Motanya's under section 2241, because prerelease custody determinations do not contradict "an express command or recommendation in [the] judgment of sentence." *See, e.g.*, *Barry v. Warden, LSCI Allenwood*, No. 3:26-CV-151, 2026 WL 825379, at *2 (M.D. Pa. Mar. 25, 2026) ("challenges to the BOP's policy that excludes IHP participants from eligibility for prerelease custody" are not cognizable); *but see Hauer v. Greene*, No. 1:25-CV-2070, 2026 WL 448722, at *2 (M.D. Pa. Feb. 17, 2026) ("differ[ing] from decisions by other courts in this district" by finding jurisdiction over a petitioner's "challenge to the BOP's policy that categorically excludes him from placement in prerelease custody").

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In this case, Motanya's individualized review on December 1, 2025, indicates that the BOP considered these five factors. *See* (Doc. 12-10 at 4). Although the review indicated that "inmates . . . with Active Detainers should not be referred for RRC placement," that statement does not negate the fact that the BOP considered the statutorily required factors.[3] Ultimately, "the statute indicates that the BOP may place a prisoner where it wishes, so long as it considers the factors enumerated in § 3621." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245 (3d Cir. 2005).

---

[3] *See, e.g., Moli v. Greene*, No. 1:25-CV-2353, 2026 WL 964312, at *2 n.2 (M.D. Pa. Apr. 9, 2026) (IHP participant with detainer was nonetheless "provided the individualized review required by Section 3621(b)"); *Barry v. Warden, LSCI Allenwood*, No. 3:26-CV-151, 2026 WL 825379, at *2 (M.D. Pa. Mar. 25, 2026) ("Barry's Unit Team gave him individualized consideration consistent with the five factors of § 3621(b) . . . The Unit Team also found that Barry does not qualify for prerelease placement under the Second Chance Act due to his status as an [IHP] participant, his pending unresolved charges, and his public safety factor assignment of deportable alien.").

Because Motanya's December 1 review shows that he has received all the consideration to which he was entitled under the SCA, Motanya's petition will be denied as moot, and we need not consider whether the April 30 review was sufficient. *See, e.g., Brown v. Warden Fairton FCI*, 617 F. App'x 117, 119 (3d Cir. 2015) (prisoner's request for consideration of RRC placement under § 3621(b) was moot because he received an individualized determination while the case was pending).

In a supplemental motion (Doc. 14), Motanya appears to raise a different claim: that unspecified Allenwood administration and staff told him "that due to my failure to continue to attend GED classes, for which I am exempt, I do not get my [First Step Act] credits applied." Because this claim appears to be based on a factual dispute, and Motanya has not "properly presented the [new] claim to Respondent or the BOP," this motion will be denied without prejudice to any future petition following exhaustion of administrative remedies. *See, e.g., Ogunlana v. Greene*, No. 4:25-CV-00783, 2025 WL 3252577, at *1 (M.D. Pa. Nov. 21, 2025); *see also Moscato*, 98 F.3d at 761-62 ("We require exhaustion . . . [because] allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review . . .").

## III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Motanya's petition (Doc. 1) is **DISMISSED** as moot, and his supplemental motion (Doc. 14) is **DENIED** without prejudice to any future petition addressing that issue. The Clerk is **DIRECTED** to close this case.

Dated: April 16, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge